891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvaro CERVERA, Defendant-Appellant.
 No. 89-30012.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1989.
Decided Dec. 4, 1989.
 
 Before BROWNING, ALARCON, and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-appellant Cervera entered a conditional plea of guilty of possession with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. Cervera timely appeals from the district court's denial of his motion to suppress evidence seized at the time of his arrest and evidence seized pursuant to a post-arrest search warrant.
 
 
 3
 Federal Rule of Appellate Procedure 4(b) and Federal Rule of Criminal Procedure 11(a)(2) permit a defendant to challenge an order entering a conditional guilty plea by appealing the adverse determination of his motion to suppress. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 4
 * In general, motions to suppress are reviewed de novo. United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988); United States v. Limatoc, 807 F.2d 792, 794 (9th Cir.1987). However, findings of fact made by the district court or the magistrate below will not be set aside unless they are clearly erroneous. United States v. Mitchell, 812 F.2d 1250, 1253 (9th Cir.1987).
 
 II
 
 5
 Appellant Cervera contends that his initial encounter with DEA agents Neeley and Rose outside the airport was not consensual, and therefore constituted a seizure of his person subject to the strictures of the fourth amendment. In the suppression hearing, the district court held that the encounter was consensual.
 
 
 6
 It is well-established that law enforcement officers do not implicate the fourth amendment by
 
 
 7
 " 'merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions.' "
 
 
 8
 United States v. Erwin, 803 F.2d 1505, 1508 (9th Cir.1986) (quoting Florida v. Royer, 460 U.S. 491, 497 (1983) (plurality opinion)). Nor does the fact that they identify themselves as law enforcement officers " 'convert the encounter into a seizure requiring some level of objective justification.' " United States v. Woods, 720 F.2d 1022, 1026 (9th Cir.1983) (quoting Royer, 460 U.S. at 497).
 
 
 9
 In determining whether a police-citizen encounter is voluntary, the " 'essential inquiry is whether the person stopped reasonably believed that he or she was not free to leave.' " Erwin, 803 F.2d at 1508 (quoting United States v. Patino, 649 F.2d 724, 726-27 (9th Cir.1981)); see United States v. Mendenhall, 446 U.S. 544, 554 (1980). This belief is obviously reasonable if physical means are used to restrain a citizen's movement. See United States v. Sokolow, 831 F.2d 1413, 1416 (9th Cir.1987), rev'd on other grounds, 109 S.Ct. 1581 (1989); Patino, 649 F.2d at 728.
 
 
 10
 At the suppression hearing, the district court heard conflicting testimony over whether DEA agents Jensen and Rose used physical means to apprehend and detain Cervera when he was hailing a cab. Agent Jensen testified that he and agent Rose used no physical restraint whatsoever. The district court judge credited the testimony of Jensen and the other government witnesses. We will not upset this credibility determination. See United States v. Coletta, 682 F.2d 820, 825 (9th Cir.1982), cert. denied, 459 U.S. 1202 (1983).
 
 
 11
 Appellant Cervera also argues that he reasonably believed he was not free to go because agents Jensen and Rose did not inform him at the outset that he was free to leave. This circuit rejected a similar claim in Woods, finding that a request for a driver's license, without more, does not amount to a non-consensual stop. 720 F.2d at 1026; see also Erwin, 803 F.2d at 1508. We likewise find this argument to be meritless.
 
 
 12
 Finally, Cervera contends that the encounter fell within the purview of the fourth amendment because the agents intended to arrest him. We also find this argument meritless. An unexpressed desire to detain or arrest does not amount to a detention. Mendenhall, 446 U.S. at 554 n. 6; Woods, 720 F.2d at 1026. In addition to refraining from using physical restraint or a show of force, agents Jensen and Rose told Cervera at least three times that he was not under arrest. Therefore, we conclude that the initial encounter was consensual.
 
 III
 
 13
 Cervera next claims that his arrest was unsupported by probable cause. The issue of whether a warrantless arrest is supported by probable cause is a mixed question of law and fact in which the legal issues predominate, and is therefore subject to de novo review. United States v. Klein, 860 F.2d 1489, 1492 (9th Cir.1988). However, the district court's factual findings will not be disturbed unless clearly erroneous. Id. at 1492-93; United States v. Pinion, 800 F.2d 976, 979 (9th Cir.1986), cert. denied, 480 U.S. 936 (1987).
 
 
 14
 The test for probable cause is whether " 'facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, [to believe], in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Klein, 860 F.2d at 1493 (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). We conclude that the statements and conduct of Cervera after he was stopped, coupled with the informant's tip and Cervera's conduct in the airport, were sufficient to establish probable cause.
 
 IV
 
 15
 Cervera next challenges the seizure of his suitcase for the dog sniff as a search incident to an illegal arrest. However, because we have already determined that the arrest was supported by probable cause, we find this claim meritless. " '[A] police officer may, incident to a lawful arrest, conduct a contemporaneous warrantless search of the arrestee's person and of the area into which the arrestee might reach to retrieve a weapon or destroy evidence.... Containers found within that area may also be searched contemporaneously with the arrest.' " United States v. Andersson, 813 F.2d 1450, 1455 (9th Cir.1987) (quoting United States v. Burnette, 698 F.2d 1038, 1049 (9th Cir.) (citations omitted), cert. denied, 461 U.S. 936 (1983)). Thus, seizing the suitcase for a dog sniff and seeking a search warrant after a lawful arrest was well within the confines of the fourth amendment.
 
 V
 
 16
 Finally, Cervera contends that the cocaine inside the suitcase should have been suppressed because it was seized pursuant to an invalid search warrant. First, he claims that agent Jensen's affidavit is tainted with illegally seized evidence and must be redacted. Second, he claims that the affidavit is insufficient to establish probable cause.
 
 
 17
 * This circuit has developed a two-pronged test for the validity of search warrants obtained by affidavits allegedly tainted with illegally obtained evidence. First, the defendant must establish a factual nexus between the illegality and the challenged evidence. Once the defendant meets this burden, the burden shifts to the government to show that there was independent probable cause for the warrant to issue. United States v. Alexander, 761 F.2d 1294, 1299 (9th Cir.1985); United States v. Spetz, 721 F.2d 1457, 1468 (9th Cir.1983).
 
 
 18
 Cervera argues that the affidavit should be redacted to exclude items of evidence seized pursuant to his allegedly illegal arrest, namely, the driver's license with the alias "Max Hanlon" and the key to the suitcase. However, because we have already determined that the arrest was not illegal, we find that Cervera has not met the initial burden required by Alexander and Spetz.
 
 B
 
 19
 The question now becomes whether the affidavit as a whole established probable cause. A magistrate's determination that a search warrant was supported by probable cause is treated with great deference and is not reviewable de novo. United States v. McQuisten, 795 F.2d 858, 861 (9th Cir.1986). Accordingly, we will not reverse a determination of probable cause unless it is clearly erroneous. Dozier, 844 F.2d 701, 706 (9th Cir.), cert. denied, 109 S.Ct. 312 (1988); McQuisten, 795 F.2d at 861.
 
 
 20
 The test for probable cause is whether "under the totality of the circumstances the magistrate had a substantial basis for concluding that probable cause existed." McQuisten, 795 F.2d at 861 (citation omitted); see also Dozier, 844 F.2d at 706 (courts must apply "totality of the circumstances" test of Illinois v. Gates, 462 U.S. 213, 238 (1983)).
 
 
 21
 We conclude that the affidavit established probable cause. In addition to relating the details of the informant's tip and the events that led up to Cervera's arrest, the affidavit stated that a narcotics detection dog alerted to the presence of an illegal substance within Cervera's suitcase. Furthermore, the affidavit reported that Cervera had in fact used an alias while traveling to Seattle that day. A finding of probable cause to issue a search warrant under these circumstances was not without a substantial basis.
 
 
 22
 Accordingly, the district court's denial of Cervera's motion to suppress evidence is
 
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3