21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Renaldo KING, Defendant-Appellant.
 No. 93-50477.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 11, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Renaldo King appeals his conviction imposed following his conditional guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). King contends the district court erred by denying his motion for an evidentiary hearing to challenge the veracity of statements in the affidavit supporting the search warrant pursuant to Franks v. Delaware, 438 U.S. 154 (1978). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.[1]
 
 
 3
 * Background
 
 
 4
 Inglewood Police Officer Michael Harkins applied for a warrant to search Renaldo King's apartment and included the following information in his affidavit in support of the warrant. Officer Harkins received a telephone call from a citizen informant who revealed that the resident of 835 West Beach Avenue, Apartment 10, Inglewood, California, was selling narcotics from that location. The informant described the subject as a black man in his 40s, approximately 6 feet tall, weighing 180 pounds, and having a shaved head. The informant had observed heavy foot traffic in and out of apartment 10, especially between 11:30 p.m. and 6:30 a.m. and observed the resident meet pedestrians and vehicles stopped in front of 835 West Beach Avenue to exchange objects small enough to be concealed within a person's hand. The informant stated that there appeared to be gang members living at 828 West Beach Avenue, Apartment 1, Inglewood, California who met frequently with the resident of 835 W. Beach Avenue, Apartment 10, Inglewood, California.
 
 
 5
 The citizen informant told Officer Harkins his/her name and address, had no criminal record, was not a suspect in any crime, and stated that s/he was providing the information because s/he did not want to live in a neighborhood with narcotics dealers and wanted to assist the police.
 
 
 6
 Officer Harkins arranged to have a confidential informant make a controlled purchase cocaine from 835 W. Beach Avenue, Apartment 10. Officer Harkins observed the confidential informant purchase cocaine from 835 W. Beach Avenue, Apartment 10 from a 6 foot, 180 pound, bald black man with the first name "Rick."
 
 
 7
 Officer Harkins subsequently received a telephone call from a second citizen informant who had never been arrested and was not a suspect in any crime. The second citizen informant told Officer Harkins that a group of "Blood" gang members were living at 828 West Beach Avenue, Apartment 1 and described continuous pedestrian traffic in and out of the apartment, especially during nighttime hours. The second citizen informant identified a vehicle and license plate belonging to an individual who had prior arrests for possession and possession for sale of controlled substances. This individual was a member of a "Blood" gang and the informant had seen him conducting transactions in front of 828 West Beach Avenue, Apartment 1. The second citizen informant also observed him walk from 828 West Beach Avenue, Apartment 1 to 835 West Beach Avenue, Apartment 10.
 
 
 8
 Based upon his training and experience, Officer Harkins stated in his affidavit that the activity described by the two citizen informants was consistent with the illegal sale of rock cocaine.
 
 II
 Discussion
 
 9
 We review de novo whether a defendant is entitled to a Franks hearing. United States v. Dozier, 844 F.2d 701, 704 (9th Cir.), cert. denied, 488 U.S. 927 (1988). We review for clear error the district court's finding regarding whether a government agent made reckless or false misstatements when applying for a search warrant. United States v. Mittelman, 999 F.2d 440, 442-43 (9th Cir.1993).
 
 
 10
 A defendant is entitled to an evidentiary hearing when he makes a sufficient offer of proof that (1) a search warrant affidavit contains a deliberate falsehood or reckless disregard of truth by the affiant, and (2) the false statement is material to the magistrate's finding of probable cause. United States v. Davis, 663 F.2d 824, 829 (9th Cir.1981); see also Dozier, 844 F.2d at 705. When material misstatements are shown, we set aside the false assertions and determine whether the remaining evidence is sufficient to establish probable cause. Mittelman, 999 F.2d at 443.
 
 
 11
 Here, King asserted that Officer Harkins falsely affied that he personally observed a confidential informant purchase cocaine from King during a controlled narcotics transaction. As proof, King offered the police report prepared by Officer Harkins and Agent Richard Robert's affidavit in support of the complaint against King. Although Officer Harkins' police report and Agent Robert's affidavit both state that Officer Gentry observed a confidential informant purchase cocaine from King during a controlled narcotics transaction, neither states that Officer Harkins also did not observe King sell cocaine to the confidential informant.
 
 
 12
 Because the offer of proof contains no evidence that Officer Harkins did not also observe King sell the confidential informant cocaine, we conclude the district court did not err by finding that King had not made a sufficient offer of proof of a deliberate falsehood. See Davis, 663 F.2d at 829.[2]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We grant the government's request to supplement the record on appeal
 
 
 [2]
 King's reliance upon Davis is misplaced. In Davis, the defendant made on offer of proof that included the officer's admission under oath that he did not communicate directly with the listed informants as he alleged in the affidavit. Id. at 829. King failed to present similar proof