50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Behzad BEHNIA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Behrouz BEHNIA, Defendant-Appellant.
 Nos. 94-10199, 94-10218.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1995.
Decided March 15, 1995.
 
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Behrouz and Behzad Behnia appeal their convictions for drug offenses under 21 U.S.C. Secs. 841(a)(1) and 846. The Behnias argue that the district court erred in refusing to suppress evidence of the marijuana growing operation at their place of business and at their residences. Behrouz Behnia also asserts that the district court erred in refusing his request for a minor role reduction under U.S.S.G. Sec. 3B1.2. We have jurisdiction, 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * We review a district court's Franks hearing determination that false statements or omissions are intentional or reckless under the clearly erroneous standard. United States v. Dozier, 844 F.2d 701, 705 (9th Cir.), cert. denied, 488 U.S. 927 (1988). The district court's determination as to whether misstatements or omissions are material to probable cause is reviewed de novo. Id. A finding that a defendant was not a minor participant under U.S.S.G. Sec. 3B1.2 is reviewed for clear error. United States v. Pinkney, 15 F.3d 825, 827 (9th Cir.1994).
 
 II
 
 4
 The Behnias' argument that the affidavit was knowingly false or demonstrated reckless disregard for the truth boils down to a request that we hold that the standard should be negligence instead. This we cannot do; Franks v. State of Delaware, 438 U.S. 154 (1978), held to the contrary.
 
 
 5
 The district court's findings, that Rozario's investigation and statement that he had "determined" that Plouviez had no criminal culpability were substandard and may have been negligent but were not in reckless disregard of the truth, are not clearly erroneous. Plouviez does not have a criminal history. While it may have been preferable for Rozario to question Plouviez's possible involvement in the grow operation, failure to do so was not reckless. Plouviez was in any event a percipient informant. His involvement in civil lawsuits is immaterial and Rozario's statement about criminal culpability is not misleading in this respect. Nor was Rozario's failure to check the utility records for the previous 30 day period in reckless disregard of the truth; the magistrate was informed that Plouviez's tip was 30 days old.
 
 
 6
 United States v. Bertrand, 926 F.2d 838 (9th Cir.1991), upon which the Behnias rely, does not indicate that reversal is appropriate in this case. Although we said that certain statements in the affidavit were "arguably" included with reckless disregard for the truth, the affidavit there affirmatively stated that informants had provided reliable information in the past even though the affiant had no reason to believe that the sources had previously served as informants. Nevertheless, we affirmed denial of a Franks hearing. See also Dozier, 844 F.2d at 705-06 (affirming district court's finding of mere negligence when affiant misstated defendant's record because he didn't know how to read rap sheet, and incorrectly stated that local police officer had told him that he had seen a car registered in informant's name on defendant's property even though the officer hadn't said that).
 
 
 7
 Therefore, without condoning the quality of the investigation, we cannot say that the district court clearly erred by finding that the affidavit was not made in reckless disregard for the truth.
 
 III
 
 8
 The Behnias argue that the warrant authorizing searches of 1349 Highland Boulevard and 1983 Swift Court was not supported by probable cause. However,
 
 
 9
 [d]irect evidence that contraband or evidence is at a particular location is not essential to establish probable cause to search the location. A magistrate is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense. In the case of drug dealers, evidence is likely to be found where the dealers live.
 
 
 10
 United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986) (citation omitted).
 
 
 11
 Rozario's affidavit in support of the warrant to search the residences establishes the relationship between Mina Madani and her two sons, Behzad and Behrouz Behnia, and the connection between those persons and 3108 Whipple Road; and it states that marijuana plants and indoor growing equipment had been seized at Whipple Road shortly before. This supports the magistrate's conclusion that drug traffickers were involved; the presumption of probable cause to search their residences therefore applies. This distinguishes this case from United States v. Weber, 923 F.2d 1338 (9th Cir.1990), cited by the Behnias, because there the affiant did not know enough about the defendant to conclude that he was the type who would likely keep child pornography in his home. Weber, 923 F.2d at 1345.
 
 
 12
 The affidavit also sufficiently connects the Behnias with the residences. It states that (1) the CI said that Madani and Behzad Behnia reside at 1983 Swift Court and that Behrouz Behnia resides at 1349 Highland Boulevard; (2) Pacific Telephone records show that the 1983 Swift Court subscriber is Behzad Behnia and the 1349 Highland Boulevard subscriber is Madani; (3) DMV records show that (i) a VW parked in front of 1983 Swift Court was registered to Behrouz, (ii) a brown van parked in front of 1349 Highland Boulevard was leased to Emilia's at 1310 Whipple Road, the business run by Madani and the Behnias, (iii) Madani's address is 1349 Highland Boulevard, and (iv) Behzad Behnia's address is 1983 Swift Court. Although there is some inconsistency in this information, each residence was in some way connected to one of the brothers and/or their mother, all of whom were connected to the marijuana growing operation at 1308 Whipple Road. Thus, there was a substantial basis for the magistrate to find probable cause to search each of the residences.
 
 
 13
 United States v. Hendricks, 743 F.2d 653 (9th Cir.1984), cert. denied, 470 U.S. 1006 (1985), is not to the contrary, as the magistrate there issued a warrant to search a residence although he knew that the evidence of drug trafficking was not at the house. Here, the affidavit stated that the residences were occupied by drug traffickers and that evidence of drug manufacturing had just been discovered at their place of business. The magistrate thus was entitled to find that there was probable cause that evidence of drug offenses would be found at their residences. Angulo-Lopez, 791 F.2d at 1399.
 
 IV
 
 14
 Behrouz Behnia contends that the district court erred when it denied his request for a minor role sentence reduction pursuant to U.S.S.G. Sec. 3B1.2(b), and refused to hold an additional evidentiary hearing about the role of Plouviez. We disagree. The district court was already informed about Plouviez's involvement and assumed that he was involved for purposes of applying the Sec. 3B1.2 reduction to Behrouz.
 
 
 15
 Downward adjustments for minor participant status are to be used infrequently. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 502 U.S. 889 (1991). The fact that Plouviez, not Behrouz, was the mastermind of the operation is not sufficient to require the reduction. Pinkney, 15 F.3d at 828; United States v. Belden, 957 F.2d 671 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). As Behrouz was involved in the operation from the beginning and was fully aware of its scope, a Sec. 3B1.2 reduction need not been granted even if he were less culpable than Plouviez. United States v. Molina, 934 F.2d 1440, 1452 (9th Cir.1991) (district court did not err in denying Sec. 3B1.2 reduction to defendant who played "significant" role in the criminal activity). Further, the district court was entitled to disbelieve Behrouz's explanation for the 5 kilograms of marijuana found at his residence. Finally, Behrouz has not shown that he was less culpable than his brother; a minor participant is one who is less culpable than most other participants, not a single other participant. U.S.S.G. Sec. 3B1.2 (n. 3). Hence, the district court did not clearly err in determining that Behrouz's role in the offense was not minor.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3