**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lance DOZIER, Defendant–Appellant.**

**No. 86–1249.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 1987.

Decided April 19, 1988.

As Amended July 6, 1988.

Dale A. Drozd, Sacramento, Cal., for defendant-appellant.

Richard J. Bender, Sacramento, Cal., for plaintiff-appellee.

Before MERRILL, and TANG, Circuit Judges, and STEPHENS,* District Judge.

TANG, Circuit Judge:

Lance Dozier appeals his conviction upon his conditional guilty plea to one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He contends the *Franks v. Delaware* hearing afforded by the district court was inadequate because he was not permitted to call as a witness the county sheriff who supplied information to the DEA agent. He also contends that his suppression motion was improperly denied because: (1) the false statements and material omissions in the affidavit supporting the warrant were the result of intentional or reckless con-

duct; (2) the redacted affidavit did not support a finding of probable cause because the informant's statements were unreliable; (3) the affidavit did not support a finding of probable cause because the facts were five months old; and (4) the warrant was so facially defective in its overbreadth that the agents could not have relied on it in good faith. We affirm in part, reverse in part, and remand for further proceedings.

## BACKGROUND

Dozier was arrested at his residence on November 21, 1985. A search by federal drug enforcement agents pursuant to a warrant issued November 20, 1985 produced the evidence which led to Dozier's conviction. The warrant was based on the affidavit of DEA agent Daniel Offield, executed on November 20, 1985 and based largely on information obtained from Sergeant Barr of the San Joaquin County Sheriff's Office. Sergeant Barr had gathered the information between May 13 and June 5, 1985, during an investigation initiated because of an anonymous tip about a marijuana siting.

According to Offield's affidavit, Barr told Offield that Barr first saw 60 marijuana plants at the site on May 13 and that on June 5 he and another officer arrested Giacchero and Mejia in a clearing next to the marijuana growing equipment. The officers seized 306 marijuana plants at the time of the arrests. Mejia told Barr that Lance Dozier and Paul Fuhrman were "responsible" for the marijuana garden and that he had been hired by Dozier, lived at the Dozier residence, and had been paid in cash for cultivating the marijuana plants. According to Offield's affidavit, Mejia also told Barr that Dozier brought marijuana plants to the site in Dozier's yellow Dodge pickup and that the irrigation equipment at the site belonged to Dozier. Barr went to Dozier's residence the day he arrested Mejia, but Dozier refused to answer questions. Barr saw two automobiles at Dozier's resi-

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge, Central District of California, sitting by designation.

dence which were registered to Giacchero and Mejia.

Agent Offield made additional inquiries and added the following information to his affidavit: that Dozier owned a late model Dodge pickup and had a record detailing convictions for drug violations; that Fuhrman and two unidentified men were stopped near the marijuana site in the summer of 1984 for trespassing and that after they were released a burlap sack containing a saw, hoe, shears and black plastic pipe was found nearby; that marijuana growers tend to keep records for their operations and equipment for cultivating marijuana at their residences.

On November 20, 1985 Offield gave a draft of a search warrant and his affidavit to a U.S. Attorney, who approved them for submission to a magistrate. The magistrate directed Offield to add a sentence detailing his recent observations of Dozier at his residence then approved the warrant authorizing a search of Dozier's residence for:

> written records, financial statements, address books, United States Currency, telephone books and bills; controlled substances, including marijuana and residue of marijuana; equipment used in the cultivation of marijuana, including saws, hoes, shears, and black, plastic pipe; and records, documents, papers, and indicia of residency/ownership of premises.

Dozier requested an evidentiary hearing to establish the insufficiency of the warrant under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The district court held a hearing at which Agent Offield testified about the numerous errors and omissions in his affidavit. The court refused to allow Dozier to call Sergeant Barr as a witness and denied Dozier's motion to suppress the evidence. Dozier timely appeals.

## ANALYSIS

### I. *Franks* Hearing

■ Whether a defendant is entitled to a *Franks* hearing is a mixed question of law and fact subject to de novo review. *United*

*States v. Dicesare*, 765 F.2d 890, 895 (9th Cir.), *amended*, 777 F.2d 543 (9th Cir.1985); *United States v. Ritter*, 752 F.2d 435 (9th Cir.1985).

■ The scope of the evidentiary hearing provided is reviewed de novo as well because the decision to limit the hearing to investigation of certain portions of the affidavit or to the testimony of particular officers involves a determination of which challenged portions of an affidavit are material to the determination of probable cause. *See Ritter*, 752 F.2d at 439.

Dozier argues that the limitation of the hearing to Offield had the effect of insulating Offield from the knowledge of the investigating officer, Sergeant Barr. Dozier contends this was erroneous because in *Franks* the Court said that an attack on a search warrant includes evidence that an affiant was ignorant of true facts and insulated therefrom by other officers. 438 U.S. at 163, 98 S.Ct. at 2680.

A *Franks* hearing is held to investigate the veracity of the affiant. *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir.1983). Offield's testimony established that he made several untruthful statements and omitted certain relevant facts. The Government stipulated to the only two facts Dozier planned to establish through questioning of Sergeant Barr, namely that Sergeant Barr (1) did not tell Offield that a car registered to Mejia was at Dozier's residence and (2) had several times unsuccessfully sought search warrants from the state district attorney.

Agent Offield admitted to false statements and omissions. The hearing to test the sufficiency of the warrant would not have brought any other relevant facts to light if Sergeant Barr had also been questioned. The district court believed there were material omissions and false statements but did not think Offield made them intentionally or with a reckless disregard of the truth. Questioning Barr would not have added any evidence to aid in analysis of Offield's mental state. Thus, the district court did not err in refusing to allow examination of Barr.

## II. False Statements and Omissions

■ Whether false statements or omissions are intentional or reckless is a factual finding reviewed under the clearly erroneous standard. *United States v. McQuisten,* 795 F.2d 858, 863 (9th Cir. 1986); *Ritter,* 752 F.2d at 439. Whether misstatements and omissions are material to a finding of probable cause is subject to de novo review. *McQuisten,* 795 F.2d at 863.

■ A district court must suppress evidence seized under a warrant when an affiant has knowingly or recklessly included false information in the affidavit. *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The Ninth Circuit has likewise held that a defendant may challenge a facially valid warrant when it contains deliberate or reckless omissions of facts that tend to mislead. *United States v. Stanert,* 762 F.2d 775, 781 (9th Cir.), *amended,* 769 F.2d 1410 (9th Cir.1985).

The defendant must prove by a preponderance of the evidence that there was a knowing and intentional falsehood or a reckless disregard for the truth, and that the challenged statement was essential to the finding of probable cause. *Franks,* 438 U.S. at 171–72, 98 S.Ct. at 2684.

■ The determination of whether misstatements or omissions are knowing or reckless or merely negligent is a factual inquiry but it is guided by cases in which this court has found reckless disregard by an affiant. *See, e.g., United States v. Davis,* 714 F.2d 896 (9th Cir.1983) (affiant signed statement written in the first person knowing that it would mislead the magistrate into believing the affiant had firsthand knowledge of the facts therein); *Stanert,* 762 F.2d 775 (reckless false statement that suspect had been arrested without mentioning there had been no conviction and reckless omission in stating the affiant investigated a lab blowup at the suspect's residence a year before without mentioning the suspect had purchased and moved into the residence after the explosion); *United States v. Chesher,* 678 F.2d 1353 (9th Cir. 1982) (reckless disregard in saying a suspect was a current member of the Hell's Angels when affiant had been conducting an investigation for some time which should have apprised him that was untrue).

The district court decided that Offield was negligent in preparing the affidavit but that there was no evidence that his conduct was intentional or reckless. The court added:

> In spite of that, there are two areas that give me cause even with this explanation, that is, the fact the rap sheet information —the fact that he misread it and maybe even the fact that he didn't bring to the Magistrate's attention the fact that the one conviction shown there was about fifteen years old. The other piece of information in the warrant that gives me cause is the registration, putting in the affidavit that he had information that a car registered to Mejia was seen at the Doziers' property.
>
> Those things are hard to reconcile. But I'll stand by my findings that there is insufficient findings to find that he lied intentionally or with a reckless disregard for the truth when he included that information in the search warrant.

The first significant false statement is that Offield stated Dozier had a record detailing convictions for drug violations. In fact Dozier had only one conviction for the use of a forged prescription. The affidavit also omitted the information that the conviction occurred 15 years earlier, when Dozier was 19, and had been set aside and dismissed pursuant to California law. The district court was concerned that the false use of the plural may have contributed to the magistrate's finding of probable cause. Because Offield explained that he simply did not know how to read the California rap sheets the district court determined the misstatement was a product of negligence. The district court did not regard the omission of the time and exact nature of the earlier conviction as material because it was a drug offense and therefore probative of likely involvement in the marijuana growing crime under investigation. This finding is not clearly erroneous.

The other significant misstatement is Offield's assertion that Barr had told him he had seen two vehicles on Dozier's property which were registered to Mejia and Giacchero (the suspects arrested near the marijuana garden in June). Barr did not tell Offield the cars were registered to Mejia or Giacchero, and Offield had done a Department of Motor Vehicles check and knew that no cars on Dozier's property at the time of Mejia's arrest were registered to Mejia. It is, as the district court said, hard to reconcile Offield's actual knowledge with his false statement, but the court's determination that his conduct reflects neither knowing nor reckless disregard of the truth is not clearly erroneous.

### III. Probable Cause

 A magistrate's determination of probable cause is not reversed unless it is clearly erroneous. *McQuisten*, 795 F.2d at 861. A district court's probable cause determination in a case with a redacted affidavit is reviewed de novo. *United States v. Grandstaff*, 813 F.2d 1353, 1355 (9th Cir.1987).

 This court must apply the "totality of the circumstances" test developed in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), to determine whether the district court had a substantial basis for concluding that probable cause existed. *Dicesare*, 765 F.2d at 896; *Stanert*, 762 F.2d at 779.

The redacted affidavit presents two basic probable cause issues, (1) the reliability of Mejia's statements and (2) the alleged staleness of the information.

As the district court pointed out, 99 and 44/100% of the information to rely on in the affidavit was Mejia identifying the "ringleader in an ongoing criminal controversy that no one had any doubt was ongoing and existing at the time." Mejia connected Dozier with the marijuana operation by saying Dozier had hired him, he had stayed at Dozier's house and Dozier had paid him in cash. He also stated at the time of his arrest that Dozier brought plants to the site in a yellow Dodge pickup and that the irrigation equipment at the site belonged to Dozier. Dozier contends that Mejia is an inherently unreliable informant because he was caught at the scene of a crime, was an illegal alien, and might have said anything to ingratiate himself with the arresting officers. The district court found, and the Government argues, that the reliability test of *Gates* is met because these were statements against penal interest.

Dozier relies on cases concerning the admissibility of coconspirator confessions which hold that the confession of a coconspirator is presumptively unreliable and inadmissible hearsay without sufficient independent indicia of reliability to satisfy the requirements of the confrontation clause. *See Lee v. Illinois*, 476 U.S. 530, 106 S.Ct. 2056, 2061–63, 90 L.Ed.2d 514 (1986); *United States v. Andersson*, 813 F.2d 1450, 1457 (9th Cir.1987); *United States v. Bernard S.*, 795 F.2d 749, 754 (9th Cir.1986). These cases are unhelpful for two reasons. First, the Supreme Court recently decided that admissibility of coconspirator statements is not subject to a test of independent indicia of reliability. *Bourjaily v. United States*, ── U.S. ──, ──, 107 S.Ct. 2775, 2782, 97 L.Ed.2d 144 (1987). Second, we are not here concerned with the admissibility at trial of hearsay statements by a coconspirator, Fed.R.Evid. 801(d)(2)(E), or against penal interest, Fed. R.Evid. 804(b)(3), but with whether a magistrate in a warrant proceeding may credit statements of a declarant containing admissions of criminal conduct. *See United States v. Harris*, 403 U.S. 573, 584, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723 (1971).

Thus we evaluate the statements made by Mejia under the totality of the circumstances test. We agree with the district court that there was sufficient indication of reliability because the information Mejia supplied had been corroborated by independent investigation. *See Gates*, 462 U.S. at 241–246 & n. 13, 103 S.Ct. at 3333–36 & n. 13. Further, the statements were against Mejia's penal interest and thus were sufficiently credible to support a finding of probable cause to search. *United States v.*

*Harris*, 403 U.S. 573, 583–84, 91 S.Ct. 2075, 2081–82, 29 L.Ed.2d 723 (1971); *United States v. Estrada*, 733 F.2d 683, 686 (9th Cir.), *cert. denied*, 469 U.S. 861, 105 S.Ct. 194, 83 L.Ed.2d 127 (1984). We recognize that "admissions of crime do not always lend credibility to contemporaneous ... accusations of another." *Harris*, 403 U.S. at 584, 91 S.Ct. at 2082. Mejia's confession implicating Dozier occurred after his arrest, unlike the statements in *Harris* and *Estrada*, which were made at a point when the declarants were not themselves suspected of crime. *Harris*, 403 U.S. at 575, 91 S.Ct. at 2078 (tip from informant); *Estrada*, 733 F.2d at 684 (same). Nevertheless, even after arrest "[p]eople do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions." *Harris*, 403 U.S. at 583, 91 S.Ct. at 2082. Even when an informant is promised payment or a "break" there remains "the residual risk and opprobrium of having admitted criminal conduct." *Id.* at 583–84, 91 S.Ct. at 2082.

Despite the skepticism with which such statements are justifiably viewed, *see, e.g., United States v. Monaco*, 735 F.2d 1173, 1177 (9th Cir.1984), they add to the reliability of the information in this case when considered under the totality of the circumstances. Mejia's information about Dozier's participation is the same information that incriminates Mejia. Mejia said Dozier hired him, housed him and paid him to tend the garden. These facts incriminated Mejia at the same time that they spread the blame to Dozier. *See United States v. Jackson*, 818 F.2d 345, 349 (5th Cir.1987) (self incrimination does not add to reliability when information implicating another is not the part of the confession that incriminates the declarant).

Our concern is with probable cause and we think the independent corroboration of the information, combined with the credibility of the declarant, constitutes a substantial basis for concluding there was probable cause to issue a warrant.

■ The second attack on the affidavit is that the information was stale because

the affidavit was prepared on November 20, 1985 and relied primarily on information gathered during an investigation which ended in June 1985. Dozier contends the information was stale because it was five and a half months old, because the items sought had never been observed at the residence searched, and because of the easy mobility of the items sought as well as the strong incentive, assuming the information about the marijuana cultivation scheme was accurate, to move those items after the raid on the garden and the arrest of Mejia and Giacchero.

■ The mere lapse of substantial amounts of time is not controlling in a question of staleness. *See United States v. Foster*, 711 F.2d 871, 878 (9th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1602, 80 L.Ed.2d 132 (1984). Another important factor is the ongoing nature of a crime with might lead to the maintenance of tools of the trade. *United States v. Huberts*, 637 F.2d 630, 637–38 (9th Cir.1980), *cert. denied*, 451 U.S. 975, 101 S.Ct. 2058, 68 L.Ed.2d 356 (1981). In this case, marijuana cultivation is a long-term crime and the affidavit includes an experienced DEA agent's opinion that cultivators often keep the equipment at their residences between growing seasons. The documentary records sought are the type of records typically found to be maintained over long periods of time. *See Andresen v. Maryland*, 427 U.S. 463, 478 n. 9, 96 S.Ct. 2737, 2747 n. 9, 49 L.Ed.2d 627 (1976); *United States v. Reid*, 634 F.2d 469, 472–73 (9th Cir.1980), *cert. denied*, 454 U.S. 829, 102 S.Ct. 123, 70 L.Ed.2d 105 (1981).

**IV. Good Faith**

■ Whether the good faith exception of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) applies is reviewed de novo. *United States v. Michaelian*, 803 F.2d 1042, 1046 (9th Cir. 1986).

■ The Government agreed below that the warrant was overbroad in its authorization to seize all "written records, financial statements, address books ... telephone

books and bills." The district court decided to deny the motion to suppress because it thought the officers relied on the warrant in good faith.

The district court erred because the executing officers in this case could not have reasonably relied on this overly broad section of the warrant. *United States v. Spilotro*, 800 F.2d 959, 968 (9th Cir.1986); *United States v. Washington*, 797 F.2d 1461, 1473 (9th Cir.1986); *United States v. Crozier*, 777 F.2d 1376, 1381 (9th Cir.1985). The Government relies on *Michaelian*, 803 F.2d at 1046, which applied the good faith exception to a facially overbroad warrant that had come under scrutiny at four levels of attorney review and that limited documents to be seized to specified categories and time periods. In contrast, this warrant was reviewed by only one United States Attorney and it set no parameters for the search, amounting in fact to a general warrant to seize all papers. The documentary evidence seized should have been suppressed.

The judgment of the district court is AFFIRMED in part and REVERSED in part, and the cause is REMANDED for further proceedings.