977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph KELLY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terrence M. NIKRASCH, Defendant-Appellant.
 Nos. 91-50784, 91-50795.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 21, 1992.
 
 Before D.W. NELSON, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal agents arrested Kelly and Nikrasch after executing a search warrant at Kelly's Residence in Huntington Beach, California. The search uncovered--among other incriminating evidence--a fully operational printing press and over $18 million in counterfeit currency. They were convicted of manufacturing, conspiring to manufacture and possessing counterfeit government obligations and possessing plates for counterfeiting government obligations. 18 U.S.C. §§ 371, 471, 472, 474.
 
 
 3
 Defendants appeal the denial of their motion to suppress evidence based on the alleged inclusion of false or reckless statements in the search warrant affidavit. See Franks v. Delaware, 438 U.S. 154 (1978). Although the District Court found that defendants had failed to adduce enough evidence to justify a Franks hearing, see Kelly ER at 27, it nonetheless held a hearing, id. at 27-28. We review the denial of a suppression motion de novo, and we review the factual determinations upon which it is based for clear error. E.g., United States v. Morgan, 799 F.2d 467, 468 (9th Cir.1986).
 
 
 4
 A. Kelly and Nikrasch challenged two factual inaccuracies in the warrant affidavit. First, they claimed that the agent's walk by of the premises, when he claimed to have heard the printing press running, was fabricated. Agent Beeson conceded that his observation of the premises actually occurred on May 20, 1991, rather than on May 21, 1991, as listed in the affidavit. The court found, however, "that the error contained in the affidavit was inadvertent." Kelly ER at 26.
 
 
 5
 The second inaccuracy was a statement that agents had witnessed the defendants enter a copy supply store and purchase what they presumed to be paper. There were two mistakes concerning this statement: The name of the store was "Monarch Copier Supply Company" instead of "Tech Star," and the box thought to contain paper actually contained two bottles of toner for the copy machine. Here, too, the court made specific findings. It found that the agents followed the defendants to both stores, the mistake as to the name of the store and the contents of the box purchased at Monarch was unintentional and therefore the errors were not sufficient to invalidate the warrant. Kelly ER at 26.
 
 
 6
 Defendants counter that agent Beeson must have lied in his affidavit because the printing press was inoperable on May 20 & 21 and for several days prior. They also argue that the agents who observed them enter the copy supply store must have lied because the box they carried out of the store was not large enough to contain paper, being the size of a box of tissues. But Kelly and Nikrasch offered nothing beyond their own testimony in support of their contentions. The district court found the "testimony of Special Agents Todak, Beeson and Maples to be consistent and credible. On the other hand, the court finds that the testimony of both defendants Nikrasch and Kelly was not credible and that the defendants have put forth no credible evidence in support of their allegations." Kelly ER at 26. Because the agents' testimony was coherent, plausible and consistent, we cannot say that the district court's finding regarding their credibility was clearly erroneous. Anderson v. Bessemer City, 470 U.S. 564, 573-574 (1984).
 
 
 7
 " 'Allegations of negligence or innocent mistake are insufficient' to warrant a Franks hearing." United States v. Homick, 964 F.2d 899, 904-05 (9th Cir.1992) (quoting Franks, 438 U.S. at 171); see also United States v. Tham, 948 F.2d 1107, 1111 (9th Cir.1991) (false statements must be shown to be reckless or intentional). Affidavits such as the one in this case "are normally drafted by nonlawyers in the midst and haste of a criminal investigation," and some technical inaccuracies are to be expected. Illinois v. Gates, 462 U.S. 213, 235 (1983). At worst, as the district court found, the errors were mere oversights. The date upon which the walk by took place is of little importance so long as it was prior to the drafting of the affidavit. Likewise, it's irrelevant at which of the two print shops the suspects actually purchased the duplicating supplies. We cannot say the district court's findings that the false statements were not intentional or reckless was clearly erroneous, the standard by which we review them. See United States v. Dozier, 844 F.2d 701 (9th Cir.), cert. denied, 488 U.S. 927 (1988).
 
 
 8
 B. We also reject Nikrasch's argument (not advanced by Kelly) that the government illegally entered the residence before the search warrant was issued. Again, this assertion was considered by the district court, which specifically found it to be untrue. The court found that the magistrate issued the warrant at 5:40 p.m. and that the agents did not enter the residence until 5:50 p.m., by which time they had been advised of the warrant's issuance. Kelly ER at 29.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3