2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne NAPLIN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne NEWSOM, Defendant-Appellant.
 Nos. 92-30361, 92-30376.
 United States Court of Appeals, Ninth Circuit.
 Aug. 4, 1993.
 
 Before CANBY, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We conclude that the district court did not err in refusing to suppress the marijuana seized at Naplin's residence. Given the totality of circumstances in this case, we hold that Judge Edwards had a substantial basis for concluding that probable cause existed. See United States v. Miller, 753 F.2d 1475, 1479 (9th Cir.1985); see also United States v. Ayers, 924 F.2d 1468, 1478 (9th Cir.1991) (this court shows deference to issuing judge's probable cause determination.)
 
 
 3
 Clark's reliability and the basis of her knowledge were established. She provided a detailed description of the proposed marijuana grow operation; much of the information she supplied to the police was based upon her personal knowledge; and her information was corroborated by the Frazier search. See Miller, 753 F.2d at 1480. Moreover, the fact that some of the information Clark provided was hearsay does not preclude a probable cause finding, so long as the circumstances suggest veracity and the hearsay carries indicia of reliability. See United States v. Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir.1986). Both Frazier's and Newsom's hearsay statements were reliable because they were statements against penal interest. See id.
 
 
 4
 Clark's statement established both Naplin's and Newsom's involvement. Because the plants were in existence and because Newsom had already given some marijuana to Frazier, Judge Edwards could have reasonably inferred that more would be found on Newsom's premises. See id. at 1399. Similarly, Judge Edwards could have reasonably inferred that marijuana or other physical evidence relating to the conspiracy would be found at Naplin's residence because Naplin was a member of the conspiracy and was to receive a portion of the plants which were already in existence. See id. ("in the case of drug dealers, evidence is likely to be found where the dealers live. When the traffickers consist of a ringleader and assistants, a fair probability exists that drugs will be present at the assistants' residence[s] as well as the ringleader's." (citations omitted)).
 
 
 5
 We next conclude that the district court did not err in refusing to suppress evidence obtained at both the Naplin and Newsom residences pursuant to Franks v. Delaware, 438 U.S. 154 (1978). It did not clearly err in finding that the omissions were neither deliberate nor reckless. See United States v. Dozier, 844 F.2d 701, 705 (9th Cir.), cert. denied, 488 U.S. 927 (1988). Clark was a conditioned drinker and although she was intoxicated when she arrived at the Oroville Police Department, she did not exhibit signs of intoxication.
 
 
 6
 Finally, we reject Naplin's contention that the officers conducted an invalid protective sweep. We agree with the district court's conclusion that the outbuilding search fell within the scope of the Naplin search warrant. When seeking to obtain a search warrant for the Naplin residence, Agent Bauman described the premises to be searched as "a trailer house with a metal barn next to it[,] ... including all the curtilege of said premises and all outbuildings, sheds, garages and any other buildings on the curtilege and premises attached or unattached." Judge Edwards then authorized the search of "Wayne Naplin's house." Although Naplin argues this language limited the search warrant to the house, it is more reasonable to interpret this language as descriptive. Given the entire telephonic exchange and the fact that Judge Edwards was issuing two warrants during the same conversation, it seems apparent that he was merely stating which particular warrant he was authorizing. Consequently, because the officers' search of the outbuildings fell within the permissible scope of the search warrant, we need not reach the protective sweep issue.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3