24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lon McCULLOUGH, Defendant-Appellant.
 No. 92-30423.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1994.
Decided May 5, 1994.
 
 Before: WRIGHT, TANG, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lon McCullough appeals his conviction following entry of a conditional guilty plea to the manufacture of and possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1). McCullough claims that the district court erred by denying his motion to suppress evidence seized from his home because (1) the search warrant was based upon information police officers discovered as a result of an illegal entry into the curtilage of his home; and (2) the officer's testimony in support of the search warrant contained material omissions. We affirm.
 
 I.
 
 3
 Two buildings sat on McCullough's property: a one-story cabin and a two-story structure which appeared to be an unfinished residence. Before obtaining a warrant, two officers went to the front door of the cabin. The government claims that the officers were attempting to contact the occupants. They knocked on the door and called out. Hearing no response, they went around the side of the cabin to the two-story structure in the rear. The officers knocked on the door of this structure and called out again. At the door, they perceived the strong odor of fresh growing marijuana. They received no answer, and one of the officers climbed up a ladder to the second level of the structure. Moving aside a translucent plastic curtain which served as a wall, he looked into the structure and saw only living quarters. The officer climbed back down and, with his compatriot, went to the back door of the first building (the cabin). While they were walking between the two buildings, the officers observed several growing pots and light hoods, as well as a growing medium, all of which were consistent with marijuana growing. The officers knocked on the back door and called out and again received no response. However, one of the officers saw a marijuana stalk through a gap in the door frame. The officers then left the property and secured a search warrant.
 
 
 4
 McCullough claims that the officers violated the Fourth Amendment in acquiring the information which formed the basis for the search warrant. Our cases indicate that officers may not cross the curtilage and knock on the front door of a residence without a warrant unless they have "the honest intent of asking questions of the occupant thereof." Davis v. United States, 327 F.2d 301, 303 (9th Cir.1964). However, McCullough's counsel conceded at oral argument that the officers were lawfully on the property for the purposes of engaging in a "knock and talk" and that their approach to the front door of the cabin was proper. In light of the concession regarding the approach to the front of the first building, there is no basis for McCullough's claim that the approaches to the second building and to the back door of the first building were unlawful. See United States v. Garcia, 997 F.2d 1273, 1279 (9th Cir.1993) (stating that "officers must sometimes move away from the front door when they are attempting to contact the occupants of a residence").[1] The officers made the most significant observation supporting their search warrant application--the smell of fresh growing marijuana--during the approach to the door of the second building. This observation was clearly sufficient by itself to provide probable cause for the warrant. Because the officers obtained this information lawfully, we need not consider whether any of the other observations on which they relied in their search warrant application were unlawful.
 
 II.
 
 5
 McCullough also argues that the officer's testimony at the search warrant hearing contained material misstatements and omissions. He relies on the rule that "[a] district court must suppress evidence seized under a warrant when an affiant has knowingly or recklessly included false information in the affidavit" or when the affidavit "contains deliberate or reckless omissions of facts that tend to mislead." United States v. Dozier, 844 F.2d 701, 705 (9th Cir.), cert. denied, 488 U.S. 927 (1988).[2] However, "[t]he defendant must prove by a preponderance of the evidence that there was a knowing and intentional falsehood or a reckless disregard for the truth, and that the challenged statement was essential to the finding of probable cause." Id. After reviewing the record developed below, we conclude that McCullough has failed to satisfy this burden. None of the statements and omissions to which McCullough points both exhibited "knowing and intentional falsehood" or "reckless disregard for the truth" and proved "essential to the finding of probable cause."
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 See also United States v. Daoust, 916 F.2d 757, 758 (1st Cir.1990) ("[I]f [the front] door is inaccessible, there is nothing unlawful or unreasonable about going to the back of the house to look for another door, all as part of a legitimate attempt to interview a person."); United States v. Anderson, 552 F.2d 1296, 1300 (8th Cir.1977) ("This initial intrusion was justified, however, by the agents' legitimate objective of finding Wood to question him about the theft. We cannot say that the agents' action in proceeding to the rear after receiving no answer at the front door was so incompatible with the scope of their original purpose that any evidence inadvertently seen by them must be excluded as the fruit of an illegal search.") (citations omitted)
 
 
 [2]
 The magistrate in this case issued the search warrant on the basis of evidence presented at an ex parte hearing, rather than an affidavit, but this fact obviously makes no difference in the application of the rule enunciated in Dozier