**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Abel CORTEZ–MORAN, Defendant–**
**Appellant.**

**No. 00–30229.**
**D.C. No. CR–00–05036–RJB.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2001.

Decided Aug. 2, 2001.

Before ALARCÓN, FERNANDEZ, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Abel Cortez–Moran appeals from the district court's denial of his motion to suppress evidence obtained following a warrantless arrest made inside his apartment. He seeks reversal of Count II and remand for resentencing on Count I. Cortez–Moran contends that the district court erred in finding that the arrest was not unreasonable under the Fourth Amendment and in finding that exigent circumstances provided an exception to the warrant requirement. He further argues that post-arrest

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

statements should have been redacted from the affidavit. offered to obtain a search warrant for his apartment, and that the redacted affidavit fails to support a finding of probable cause. We conclude that the Government failed to demonstrate the existence of exigent circumstances to support the warrantless arrest. We further conclude that the district court erred in failing to suppress the post-arrest statements, and that the redacted affidavit is insufficient to support a finding of probable cause. Accordingly, we reverse Cortez–Moran's conviction for possession of heroin with intent to distribute as alleged in Count II, and remand for resentencing on Count I.[1]

## I

The parties are familiar with the facts and prior proceedings; thus we need not recite them here except as necessary to explain the disposition. Cortez–Moran concedes that the Government had probable cause to arrest him, but argues that the district court should have suppressed the evidence found in his home because it was the fruit of an illegal entry. We review *de novo* the validity of a warrantless entry into a residence. *United States v. Huguez–Ibarra,* 954 F.2d 546, 551 (9th Cir.1992). The district court's finding of exigent circumstances is a mixed question of law and fact, which we also review *de novo. United States v. VonWillie,* 59 F.3d 922, 925 (9th Cir.1995). We review the district court's findings of fact regarding the existence of exigent circumstances for clear error. *Id.*

In its responsive brief filed in this court and during oral argument, the Government argued that the arrest of Cortez–Moran was reasonable on the sole ground that

exigent circumstances justified the warrantless entry of the residence. The Government does not contend that the entry was reasonable because Cortez–Moran was in plain view, ten feet away, when the door was opened in response to the DEA agents' knock on the front door. *See United States v. Oaxaca,* 233 F.3d 1154, 1156–57 (9th Cir.2000) (stating that it is "crystal clear that, in the absence of exigent circumstances, the police must obtain an arrest warrant before entering a person's home to arrest him.").

Exigent circumstances are defined as "those that would cause a reasonable person to believe that entry ... was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." *United States v. Furrow,* 229 F.3d 805, 812 (9th Cir.2000) (ellipsis in original) (internal quotation marks omitted). "[T]he government bears the burden of showing the existence of exigent circumstances by particularized evidence." *United States v. Reid,* 226 F.3d 1020, 1028 (9th Cir.2000) (internal quotation marks omitted). "This is a heavy burden and can be satisfied only by demonstrating specific and articulable facts to justify the finding of exigent circumstances." *Id.* (internal quotation marks omitted).

The district court found that the exigent circumstances arose after Ramos–Chavez opened the door, because at that point Cortez–Moran and his brother knew "that they were about to be arrested" and thus presented a risk of flight. The record demonstrates, however, that the agents knocked on the door for the purpose of

---

1. Cortez–Moran was convicted for one count of distribution of heroin (Count I) and one count of possession of heroin with intent to distribute (Count II), both in violation of 21

U.S.C. § 841(a)(1). Cortez–Moran concedes that the issues presented in this appeal relate only to his conviction on Count II.

arresting Cortez–Moran and his brother. Accordingly, the agents' decision to knock on the door cannot form the basis for a finding of exigent circumstances sufficient to justify a warrantless arrest inside the residence. *See United States v. Driver*, 776 F.2d 807, 810 (9th Cir.1985) (stating that "if the exigent circumstances resulted from the agent's own improper conduct, these circumstances cannot be relied upon as an excuse."); *United States v. Calhoun*, 542 F.2d 1094, 1102 (9th Cir.1976) (stating that if fear that a suspect will escape "is created by the law enforcement officers, it will not support a warrantless search.").

The Government contends that exigent circumstances existed at the time of the arrest because the DEA agents believed that Cortez–Moran and his brother were aware that they were being followed. We conclude that the Government has failed to carry its "heavy burden" of showing "particularized evidence" that the agents reasonably believed that the defendants presented a substantial risk of flight at the time of the arrest. *Reid*, 226 F.3d at 1028.

The Government also contends that exigent circumstances existed because the agents had to prevent the possible destruction of evidence. The Government cites no evidence in the record demonstrating either that the agents believed that the defendants would destroy evidence or that such belief would have been reasonable under these circumstances. Accordingly, we conclude that the Government has failed to carry its burden of demonstrating the existence of exigent circumstances.

## II

■ Having concluded that the district court erred in finding that the warrantless arrest did not violate the Fourth Amendment, we must determine whether the evidence obtained as a result of the illegal arrest must be suppressed. The Government contends that Cabadas–Lopez's post-arrest statements are admissible under the "attenuated basis" exception because "the government could have located Ms. Cabadas–Lopez at any time, given that [the apartment] was her residence." "The 'attenuated basis' exception applies when the connection between the illegality and the challenged evidence has become sufficiently weak so as to dissipate the taint caused by the illegality." *United States v. Ramirez–Sandoval*, 872 F.2d 1392, 1396 (9th Cir.1989). In considering whether this exception applies, the Supreme Court has emphasized five factors: (1) whether the testimony given by the witness "was an act of her own free will in no way coerced or ... induced by official authority" as a result of law enforcement's discovery of the tainted evidence; (2) whether tainted evidence was used in questioning the witness; (3) whether substantial time elapsed between the time of the illegal act and the initial contact with the witness; (4) whether the identity of the witness was known before the illegal search; and (5) whether there is evidence that law enforcement initiated the illegal search for the purpose of finding a witness to testify against the defendant. *United States v. Ceccolini*, 435 U.S. 268, 279–80, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978).

No time elapsed between the illegal arrest and the DEA agents' initial contact with Cabadas–Lopez. Moreover, the agents did not know the identity of either the Cortez–Morans or of Cabadas–Lopez at the time of the arrest. Cortez–Moran also contends, and the Government does not dispute, that Cabadas–Lopez would not have come forward to testify against him if the armed DEA agents had not entered her home. We conclude that Cabadas–Lopez's statements are not admissible under the attenuated basis exception.

■ The Government also argues that Cabadas–Lopez's statements are admissi-

ble under the "inevitable discovery" doctrine. The inevitable discovery doctrine "allows the introduction of illegally obtained evidence if the government can show by a preponderance of the evidence that the tainted evidence would inevitably have been discovered through lawful means." *Ramirez-Sandoval*, 872 F.2d at 1396. "The government can meet its burden by establishing that, by following routine procedures, the police would inevitably have uncovered the evidence." *Id.* at 1399. The Government cannot meet this burden here because it offered no evidence demonstrating either that the DEA agents would have obtained a search warrant later in the evening, or that Cabadas–Lopez would have been at the residence when the agents arrived with a warrant. Accordingly, we conclude that Cabadas–Lopez's post-arrest statements must be suppressed.

### III

Cortez–Moran contends that absent Cabadas–Lopez's post-arrest statements, the search warrant affidavit was insufficient to support a finding of probable cause to search his apartment. We review *de novo* the sufficiency of a redacted affidavit. *United States v. Dozier*, 844 F.2d 701, 706 (9th Cir.1988). In determining whether probable cause existed, "we are limited to the information contained within the four corners of the affidavits supporting the application for the search warrant." *United States v. Huguez–Ibarra*, 954 F.2d 546, 552 (9th Cir.1992).

After redacting Cabadas–Lopez's post-arrest statements, the search warrant affidavit contains the following information to support a finding of probable cause: (1) DEA agents observed a confidential informant buy heroin from two unknown suspects in a motel parking lot in Tacoma, Washington; (2) the confidential informant reported that the suspects had more heroin elsewhere, and were going to check on it; (3) the suspects drove to a Blockbuster Video store in Tacoma, where they met two other men; and (4) the suspects then drove to an apartment complex in Puyallup, Washington and entered an apartment there. We conclude that this information is insufficient to support a finding of probable cause to search the residence because, *inter alia*, Cortez–Moran and his brother had just arrived at the apartment and the agents did not know who lived there. *See, e.g., United States v. Ramos*, 923 F.2d 1346, 1351–1353 (9th Cir.1991) (concluding that an affidavit asserting that an unknown suspect drove in a "counter-surveillance manner," drove to a residence and unloaded a box, engaged in other suspicious activity, and then drove back to his apartment failed to support a finding of probable cause to search the suspect's apartment or storage area). Accordingly, we conclude that all evidence obtained as a result of the search of the residence must be suppressed. That evidence is inadmissible to prove that Cortez–Moran was guilty as charged in Count II. Thus we REVERSE the judgment of conviction on Count II and VACATE the sentence on Count I and REMAND for resentencing.

VACATED AND REMANDED.