**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IVERSON LEON GARY, also known
as Iverson Leon Gary, III,

Defendant-Appellant.

No. 01-1222
(D.C. No. 00-CR-368-WM)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY,** Senior
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant [1] appeals his conviction, entered on a conditional plea of guilty to illegal possession of a firearm after prior conviction of a felony, in violation of 18 U.S.C. § 922(g). We have jurisdiction, and we affirm. Defendant challenges the affidavit supporting the search warrant resulting in discovery of the firearm, contending that the affidavit did not establish probable cause in support of the warrant and that it contained material omissions. Aplt's Br. at 1.

The facts are not disputed. On May 24, 2000, officers from the Colorado Springs Police Department and the federal Bureau of Alcohol, Tobacco, and Firearms (ATF) executed a search warrant at defendant's motel room and recovered a .380 caliber pistol. The warrant was issued by a state court judge, based on the affidavit of Officer James Rogers of the Colorado Springs Police Department.

According to the affidavit, ATF agents contacted a Kathleen Brown, based on reports of her possession of a .25 caliber semi-automatic pistol. She volunteered knowing a man she called "Ike," a black male, dark complexion, 175 pounds, who sold crack cocaine from room 26 at the motel and whom she had

---

[1] There is some confusion regarding defendant's name. The indictment lists him as Iverson Leon Gary, but in the affidavit, the motel clerk referred to him as Gary Iverson, see R. Vol. I, doc. 14 ex. A at 5, and a supplemental Colorado Springs police report refers to him as Leon Gary Iverson. Id., ex. D at 18. We assume defendant's name to be the former, Iverson Leon Gary.

observed with a .380 pistol. She further admitted smoking crack cocaine with Ike and purchasing the drug from him.

The agents went to the motel and spoke with the manager, learning that a man (Gary Iverson) lived in room 26 and had given the manager the .380 pistol, asking him to check to be sure it was not stolen. The manager eventually returned the gun to the defendant. Upon observing the black man fitting the description, the officers relayed the information to Officer Rogers, who signed the affidavit underlying the warrant.

We review de novo the district court's determination that there was probable cause for the warrant. United States v. Price, 265 F.3d 1097, 1101 (10th Cir. 2001). There is probable cause for a search warrant only when a supporting affidavit lists facts leading a prudent person to believe a fair probability exists that contraband or evidence of a crime will be found in a particular place. See United States v. Basham, ___ F.3d ___, No. 01-5016, 2001 WL 1262098 at *2 (10th Cir. Oct. 22, 2001). We review the issuance of the search warrant by the magistrate judge more deferentially, Price, 265 F.3d at 1101, with our duty being "simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (internal quotations omitted). Further, we consider the totality of the circumstances, viewing the evidence in the light most favorable to the government. United States

v. Tisdale , 248 F.3d 964, 970 (10th Cir. 2001). We also accept the district court's factual findings unless they are clearly erroneous.          Id.

In this case the affidavit contained specific, detailed information provided by a named informant regarding her purchases, on several recent occasions, of drugs from the defendant in his motel room. Thus, this was not an anonymous tip from an unknown confidential informant.          Compare, e.g.   , Florida v. J.L.   , 529 U.S. 266, 271 (2000) (bare report of unknown, unaccountable informant with no explanation how informant knew about gun or provided basis for believing informant had inside information about defendant held insufficient to establish reliability). Moreover, Ms. Brown's statement (that she had herself purchased drugs) was against her own penal interest, "a factor we have considered indicative of reliability." United States v. Le   , 173 F.3d 1258, 1266 (10th Cir. 1999) (citing United States v. Sturmoski    , 971 F.2d 452, 457 (10th Cir. 1992)). We also note that a finding of reliability can be supported by evidence of first-hand observations. See United States v. Tuter   , 240 F.3d 1292, 1297-98 (10th Cir.), cert. denied , 2001 WL 758729 (U.S. Oct. 1, 2001) (No. 01-11). Here, Ms. Brown had also observed drugs and packaging materials in defendant's room and had seen him with a .380 semi-automatic pistol while selling crack cocaine to others.

In addition, Ms. Brown's information was corroborated by the hotel manager with respect to defendant's description, his residence at the particular

-4-

motel room (and for the particular length of time he had been there), and the possession of the firearm. As to the pistol, the affiant police officer knew the use or carrying of a firearm in furtherance of drug trafficking to be illegal under 18 U.S.C. § 924 (c)(1)(A).

The corroboration of innocent activity may become suspicious in light of Ms. Brown's initial statements. See Gates, 462 U.S. at 243 n.13 ("probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity"). In addition, both Ms. Brown's story "and the surrounding facts possessed an internal coherence that gave weight to the whole." Massachusetts v. Upton, 466 U.S. 727, 734 (1984). We hold that there was probable cause for the issuance of the warrant.

Defendant also contends that the evidence should have been suppressed because the affidavit omitted material information "concerning the informant's credibility, bias, and motive to lie, which, if known to the issuing magistrate would have vitiated probable cause." Aplt's Br. at 13. The district court's finding that the officer did not intentionally or recklessly seek to mislead the issuing judge is reviewed under the clearly erroneous standard. See United States v. Dozier, 844 F.2d 701, 705 (9th Cir 1988). Whether omitted facts would have defeated probable cause is reviewed de novo. Id.

-5-

In Franks v. Delaware , 438 U.S. 154, 155-56 (1978), the Supreme Court held that to invalidate a facially valid warrant a defendant must show that the affiant "knowingly and intentionally, or with reckless disregard for the truth" included false statements or omitted material facts and that the statements were necessary to the finding of probable cause. This applies to both intentionally false statements and to material omissions. See Stewart v. Donges , 915 F.2d 572, 583 (10th Cir. 1990). [2] However, the omission must be necessary to the finding of probable cause. Tisdale , 248 F.3d at 973.

The district court found that adding the omissions to the affidavit (Ms. Brown's use of alias names and her own alleged involvement with guns) would not have changed the issuing magistrate judge's conclusion that sufficient probable cause existed for the issuance of the warrant. We agree.

The affidavit disclosed that Ms. Brown was in possession of a .25 caliber semi-automatic pistol at the time she was first contacted by ATF agents and admitted to her own use of drugs, as well as being present when drugs were sold to others. Several other alleged omissions were not known to the officers at the time the affidavit was drafted, which defendant concedes. See Aplt's Reply Br. at 10. We are not persuaded that Ms. Brown's use of aliases constituted a reckless omission of material facts. See United States v. Kennedy , 131 F.3d

---

[2]     We are here concerned with alleged omissions.

1371, 1376 (10th Cir. 1997). And, even if the information had been included, the affidavit would still have given rise to probable cause, Basham, 2001 WL 1262098 at *3.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge