UNITED STATES of America, Plaintiff–Appellee,

v.

Anthony BOSLEY, Defendant–Appellant.

No. 06–30378.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2007.*

Filed April 25, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephanie Whitaker, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Christina L. Hunt, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: KOZINSKI, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM **

Anthony Bosley conditionally pled guilty to possession with intent to distribute cocaine. He reserved the right to appeal the district court's denial of his motion to suppress evidence seized during the search of his residence as well as during the search of his person incident to his arrest. We affirm.

■ First, the magistrate judge did not clearly err in issuing a search warrant for Bosley's home. As described in Officer McNall's affidavit, Lyghts told the police informant that he was going to pick up the cocaine; he was then observed by the police entering and exiting Bosley's home; when he returned to the informant he had

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

two ounces of cocaine; and he voluntarily told the police that Bosley lived at the home and was his drug source. Furthermore, Officer Pence knew that two cars parked in front of the home belonged to Bosley, and a check with the power company revealed that the subscribers at the address were "Tony and Cat Bockley." This information was more than sufficient for the magistrate judge to conclude that there was a "fair probability" that a search of Bosley's home would produce evidence of criminal activity. *See United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir.2006) (en banc).

We are unpersuaded that we must ignore Lyghts' statements to the police because of his alleged incentive to incriminate someone higher in the drug food chain. Lyghts' statements were unusually detailed and apparently based on first-hand knowledge, *see United States v. Miller*, 753 F.2d 1475, 1480 (9th Cir.1985) (per curiam), and corroborated by independent police investigation, *see United States v. Dozier*, 844 F.2d 701, 706 (9th Cir.1988). This is not a case such as *United States v. Hall*, 113 F.3d 157 (9th Cir.1997), in which the informant's tip was neither particularly detailed nor independently confirmed.

Second, there is no evidence that Lyghts' criminal history, the informant's earlier statement that Lyghts' drug source was in the Seattle area and the movement of young persons into and out of Bosley's home were intentionally or recklessly withheld from the affidavit. The affidavit specifically acknowledged that it did not "include[ ] every fact known to the investigation" and contained "only . . . that which is necessary to establish that probable cause exists for a search warrant." *See Miller*, 753 F.2d at 1478. Moreover, even if information was intentionally or reck-

lessly withheld, its inclusion in the affidavit would not have materially altered the probable cause calculus.

Finally, the district court correctly ruled that there was probable cause to support Bosley's warrantless arrest. Although not all the evidence incriminated Bosley personally, as opposed to merely his residence, the police nevertheless had a detailed accusation against Bosley supported by first-hand knowledge, as well as the facts that the power subscribers at the address had a similar surname and the two cars parked in front of the home belonged to Bosley. This information created a "fair probability that [the defendant] had committed a crime." *United States v. Buckner*, 179 F.3d 834, 837 (9th Cir.1999) (internal quotation omitted; alteration in original).

**AFFIRMED.**