**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10534 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00325-EJG-1 |
| v. | |
| CLARENCE AUSTIN HOLMES, AKA Clarence Austin Holmes, Sr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, Senior District Judge, Presiding

Argued and Submitted November 30, 2011
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and CARR, Senior District Judge.[**]

Appellant Clarence Austin Holmes appeals the denial of his motion for suppression. We affirm. Because the parties are familiar with the facts and the procedural history, we will not recount them here.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

Holmes first contends that probable cause for the warrant that gave rise to the search (which occurred as officers were approaching Holmes' residence to execute the warrant) depended on stale information. Staleness does not infect the probable cause showing where the circumstances give rise to a reasonable inference that the items to be seized are presently on the premises – as occurs, for example, where the underlying criminal activity is ongoing and continuous. *United States v. Dozier*, 844 F.2d 701, 707 (9th Cir. 1988).

Here, facts contained in the affidavit established probable cause to believe that a gang-related shootout had occurred about five months before the warrant issued. The affiant's training and experience related to gang activity established a basis on which the issuing judge could find probable cause to believe that gang members tend to keep their weapons. This, in turn, justified the judge's finding of present probable cause as to the weapon which a witness at the scene of the shooting saw in the hand of a resident of the premises designated in the warrant.

Holmes also contends the warrant was overly broad in describing "firearms" generally. Warrants must be as sufficiently particular as possible, considering whether the government "was able to describe the items more particularly in light of the information available to it at the time the warrant was issued." *Millender v. County of Los Angeles*, 620 F.3d 1016, 1024 (9th Cir. 2010) (citing *United States v. Spilotro*,

800 F.2d 959, 963 (9th Cir. 1986) (Kennedy, J)). The statements from witnesses that police had when the warrant was issued did not enable a more particular description, as their descriptions of the firearms were vague and sometimes contradictory.

In any case, even if there were deficiencies in the warrant, none were so obvious from the face of the warrant as to make an officer's reliance on the warrant objectively unreasonable. *United States v. Leon*, 468 U.S. 897, 922 (1984). The district court did not err in applying the good faith exception.

Holmes argues that the district court impermissibly allowed a police officer's testimony about his apparent contemplation of flight as Holmes was walking across his yard to a vehicle at the curb. The Federal Rules of Evidence do not apply to suppression hearings. Fed R. Evid. 104(a). The police officer's testimony was not, as Holmes claims, "mind-reading." It was, rather, based on her observations, experience and perception of defendant's actions, and therefore was proper.

Holmes' contentions that the police exceeded the limits of acceptable force are also without merit. The officers' actions in ordering Holmes to lie down, and then handcuffing and frisking him, did not exceed the scope of a detention allowed pursuant to the execution of a search warrant. *Michigan v. Summers*, 452 U.S. 692, 705 (1981). The officers' use of handcuffs did not convert the detention into an arrest. *Meredith v. Erath*, 342 F.3d 1057, 1063 (9th Cir. 2003). Even if the frisk was not

authorized pursuant to a *Summers* detention, Holmes' apparent contemplation of flight, failure to respond immediately to police commands, and the gun-related nature of the items to be seized under the warrant justified the officers' belief that defendant may have been armed and dangerous and thus subject to a frisk for officer safety. *Terry v. Ohio*, 392 U.S. 1, 27 (1968).

AFFIRMED.