**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50062 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-03447-MMA-1 |
| v. | |
| JOSEPH NGUYEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted July 12, 2018
Pasadena, California

Before: IKUTA and N.R. SMITH, Circuit Judges, and McNAMEE,** District
Judge.

Joseph Nguyen appeals his conviction for one count of possession of child

pornography. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen M. McNamee, Senior United States District
Judge for the District of Arizona, sitting by designation.

1. Discovery. Nguyen sought to discover information that could only be used to (1) find a basis for a motion to suppress; or (2) defend against the distribution charge at trial. The district court did not abuse its discretion by denying Nguyen's motion for discovery. First, Nguyen failed to bring the motion in a timely manner. Under Federal Rule of Criminal Procedure 12(c), the district court may establish deadlines for pretrial motions. It was not an abuse of discretion to deny a motion for evidence to support an untimely motion to suppress.

Second, the Government dismissed the distribution charge before trial. Thus, the information (regarding the software the Government used to discover that child pornography had been downloaded at his IP address) was not material to the remaining possession charge. *See* Fed. R. Crim. P. 16(a)(1)(E)(i) (requiring the information must be "material to preparing the defense").

Finally, Nguyen failed to demonstrate that "the Government [was] in possession of information helpful to the defense." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) (citation and quotation marks omitted). Nguyen sought information almost exclusively in the possession of the software's third-party developer.

2. Warrant. First, there was sufficient probable cause to support the warrant. Law enforcement discovered that child pornography was being shared from a

computer using a certain IP address. Time Warner Cable matched the IP address with a customer name and service address. Law enforcement then verified the name and address with the local utility provider. This was sufficient to establish a "fair probability that contraband or evidence of a crime [would] be found in [Nguyen's home]." *Illinois v. Gates*, 462 U.S. 213, 238 (1983)

Second, the warrant was not supported by a stale affidavit. The affidavit attested that (1) a computer using a given IP address "possessed multiple suspected child pornography files available for sharing"; (2) law enforcement had downloaded one video (with a file name indicating it was child pornography) and verified it was child pornography; (3) the subscribing agent had extensive experience working with child pornography investigations; and (4) individuals who collect child pornography tend to treat their collection as a "prized possession[]" and will often make multiple backups to protect it. "The mere lapse of substantial amounts of time is not controlling in a question of staleness," *United States v. Dozier*, 844 F.2d 701, 707 (9th Cir. 1988), and "in light of the particular facts of [this] case," a three month delay between the initial download and the search did not make the warrant stale, *United States v. Lacy*, 119 F.3d 742, 745-46 (9th Cir. 1997) (citation and quotation marks omitted) (finding no staleness where

there was a ten month delay combined with attestations similar to the instant case regarding child pornography collectors).

3. Evidence. Any abuse of discretion by the district court for failing to review the two images and six-second video of child pornography before allowing the Government to publish them to the jury was harmless. *Cf. United States v. Merino-Balderrama*, 146 F.3d 758, 761-63 (9th Cir. 1998) (finding "[a]llowing the jury to view more than ten minutes of film portraying children engaged in graphic sexual conduct" was not harmless). First, Nguyen makes no allegation or factual demonstration that some of the images or video clips not shown were less inflammatory than the ones shown to the jury. Second, "the district court used just about every tool at its disposal to minimize the inflammatory nature of the images," *United States v. Ganoe*, 538 F.3d 1117, 1124 (9th Cir. 2008), by severely minimizing (from over five hundred videos and images to two images and one, six-second video clip) what the Government was allowed to show and giving a cautionary instruction when the evidence was presented. Finally, the evidence against Nguyen was overwhelming: (1) Nguyen was sleeping in his bedroom when the search was conducted, (2) the search revealed child pornography on various hard drives and the computer next to Nguyen, (3) Nguyen's personal files were on

the hard drives, and (4) one of the residents of the home testified that Nguyen told him he was in trouble for "download[ing] some movies."

4. <u>Alibi Instruction.</u> The district court did not err by refusing to give an alibi jury instruction. To prove the charged offense, the Government only needed to prove Nguyen possessed child pornography "on or about January 29, 2013." The fact that Nguyen might have an alibi for *other* dates is not relevant to the charge and, thus, there was no legal basis for the instruction. *See United States v. Kayser*, 488 F.3d 1070, 1073 (9th Cir. 2007).

5. <u>Dual Purpose Instruction.</u> The district court did not plainly err by failing to give a dual purpose instruction. Although the district court did not give a formal instruction at the close of evidence, it *sua sponte* gave a dual purpose instruction after each of the relevant Government witnesses testified. The instruction given during the trial materially communicated the necessary distinctions between expert and percipient testimony, particularly ensuring that no "unmerited credibility" was ascribed to the fact testimony. *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014).

**AFFIRMED.**