NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 29 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6874 |
| Plaintiff - Appellee, | D.C. No.<br>4:24-cr-00004-BMM-1 |
| v. | |
| DERIC RON WELCH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Argued and Submitted August 12, 2025
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Deric Welch appeals the denial of his motion to suppress evidence following

a *Franks*[1] hearing in which the district court struck several statements that formed

the basis of the search warrant. We review a district court's finding that an affidavit

contained purposefully or recklessly false statements or omissions for clear error,

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

*United States v. Perkins*, 850 F.3d 1109, 1115 (9th Cir. 2017), and we review de novo a "probable cause determination in a case with a redacted affidavit," *United States v. Dozier*, 844 F.2d 701, 706 (9th Cir. 1988). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Welch successfully challenged five statements in the search warrant affidavit, and the district court did not clearly err in rejecting his challenge to several additional statements. Having found that Welch made the necessary showing with respect to the five statements, the district court should have set the false or misleading material aside and then determined whether the remaining content was sufficient to establish probable cause. *Franks*, 438 U.S. at 156. The government concedes the district court erred by "correcting" the affidavit with accurate information, as opposed to simply excising the false material. However, we conclude this error is harmless because we review the probable cause determination de novo, *Dozier*, 844 F.2d at 706, and find, excising the false and misleading information from the affidavit, there remained probable cause to issue the warrant.

Probable cause to search a location exists if, based on the totality of the circumstances, there is a fair probability that evidence of a crime may be found there. *Perkins*, 850 F.3d at 1119; s*ee also United States v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir. 2002) (magistrate must find nexus between contraband sought and residence). If there is an informant, we consider "the credibility of the informant,

including his history of providing reliable information in previous investigations and any prior criminal convictions for crimes of dishonesty." *United States v. Martinez-Garcia*, 397 F.3d 1205, 1216 (9th Cir. 2005). In this case, the information provided was not an anonymous tip—the informant was present in the home, had a relationship with Welch, and thus was likely in a position to have information about drug dealings that occurred at that location. *See United States v. Rowland*, 464 F.3d 899, 907–08 (9th Cir. 2006) (listing factors that determine the reliability of an informant's tip). The informant provided specific information about the type of drugs and the location of such drugs in the home. Moreover, she had provided information to the officer in the past which had led to drug arrests. *See id.* at 908 ("[A]n informant with a proven track record of reliability is considered more reliable than an unproven informant."). Thus, even though there was little corroboration of the details of the domestic dispute that led to the 911 call in the first place, there was still sufficient information from which a magistrate could find a fair probability that contraband would be found in the home.

**AFFIRMED.**