MEMORANDUM *
Co-defendants Scott Stadnisky (“Stadnisky”) and Daniel Lynn Myers (“Myers”) were convicted by a jury in 2006 of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Stadnisky was sentenced to 240 months’ imprison *187 ment. Myers was sentenced to 336 months’ imprisonment.
Stadnisky appeals his sentence, and Myers appeals his conviction. We affirm in all respects.

Stadnisky, No. 07-10145

Stadnisky argues that the district court erred in sentencing him beyond the statutory maximum based on facts not found by the jury. Other than a prior conviction, any fact that increases the penalty for a conviction beyond the Congressionally-enacted statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); see also Cunningham, v. California, 549 U.S. 270, 127 S.Ct. 856, 863-68, 166 L.Ed.2d 856 (2007). In the post-Booker advisory sentencing guidelines scheme, a district court is permitted to find additional facts that increase a defendant’s guideline sentence, so long as the potential sentence does not exceed the statutory maximum. United States v. Booker, 543 U.S. 220, 233, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
The statutory maximum for “50 grams or more of methamphetamine” — the quantity found by the jury — is life imprisonment. 21 U.S.C. § 841(b)(l)(A)(viii). The court was not required to submit its drug quantity determination to a jury because the finding of 893.1 grams did not increase Stadnisky’s sentence beyond the statutory maximum. There was no Sixth Amendment violation in the court’s determination of the appropriate guideline range.
Stadnisky also argues that his sentence was unreasonable because the Sentencing Guidelines range was inaccurately calculated, and because Stadnisky’s criminal history was overstated. In reviewing claims of unreasonableness, we apply a two-step analysis. First, we consider whether the district court committed procedural error. Second, we look at the substantive reasonableness of the sentence. United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc). Here, the offense level applied by the court was correct. As noted, in determining the guideline range, the district court was not bound by the quantity of methamphetamine specified by the jury. Moreover, substantial evidence supports the district court’s finding of 893.1 grams of methamphetamine.
Stadnisky’s criminal history category was determined by his 12 prior convictions, and the fact that the instant offense was committed while Stadnisky was serving a parole term and a probation term and had been out of custody for less than 2 years. As a result of his record, he was assessed fourteen criminal history points, which resulted in a criminal history category of VI. Stadnisky argues that his criminal history category overstated the seriousness of his criminal record. We disagree.
Stadnisky was convicted 12 times between the ages of 19 and 28. The crimes included reckless driving and driving under the influence of alcohol and cocaine, offenses that seriously endanger others. Stadnisky was also convicted of helping a prisoner escape from prison, and of obstructing and resisting arrests by police officers. Perhaps most seriously, he was convicted at the age of 23 of having sexual intercourse with a minor under the age of 16. We find no error in the district court’s criminal history category VI determination.
Stadnisky’s claims of unreasonableness are reviewed for abuse of discretion. Carty, 520 F.3d at 993. We have recognized that sentences that fall within a properly calculated guideline range are usually reasonable, and that a district judge need not address each of the § 3553(a) factors to *188 show how the sentence comports with the statute’s sentencing objectives. Id. at 992-994. Given that the guideline range was 324-^405 months, and that Stadnisky’s sentence was considerably less, there is no merit to his claim that the sentence was unreasonably high. As long as the record makes clear that the sentencing judge listened to the defendant’s arguments and was aware of any mitigating evidence, the judge has wide discretion to impose a sentence inside or outside the guideline range. See Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007). The district judge in this case did not abuse his discretion in imposing a sentence of 240 months, as the sentence took into account all relevant factors and was seven years less than the minimum suggested by the Sentencing Guidelines. We therefore affirm Stadnisky’s sentence as determined by the district court.

Myers, No. 07-10239

Pursuant to a search warrant, Detective Derek Burns and other officers of the Southern Alameda County Narcotic Enforcement Team searched Myers’s house and seized multiple items related to narcotics trade. Myers argues that the warrant was issued without probable cause and that the district court should have suppressed the seized evidence.
Detective Burns relied on information obtained from a confidential informant who had previously provided accurate and helpful information. The informant stated that he or she had been in Myers’s home in the preceding ten days and had seen Myers in possession of a quantity of cocaine and marijuana that was consistent with the intent to sell. Detective Burns verified through police records and the DMV that Myers lived at the address identified by the informant. He also showed the informant a photograph of Myers, and the informant positively identified Myers as the person he had seen in possession of the drugs. Detective Burns described in his affidavit his extensive narcotics enforcement training and experience.
On appeal of the denial of a motion to suppress, we review legal conclusions de novo and factual findings for clear error. See United States v. Chavez-Miranda, 306 F.3d 973, 977 (9th Cir.2002).
Here, Burns relied on information from an established source, who had provided accurate and helpful information to him in the past. See United States v. Martinez-Garcia, 397 F.3d 1205, 1216 (9th Cir.2005) (stating that the court should “consider the credibility of the informant, including his history of providing rehable information in previous investigations”). The informant made statements against his or her own penal interest, which are considered “sufficiently credible to support a finding of probable cause.” United States v. Dozier, 844 F.2d 701, 706 (9th Cir.1988). Burns also conducted an independent investigation to corroborate some of the informant’s statements. See Martinez-Garcia, 397 F.3d at 1216 (stating that the court should “examine whether the informant’s information was bolstered by independent police investigation of the tip”). The informant’s statement that he or she had seen Myers in possession of a sellable quantity of narcotics, Burns’s significant training and experience, and the indicia of the informant’s reliability gave the issuing magistrate judge a substantial basis for believing that narcotics evidence would be found at Myers’s residence. We therefore affirm the district court’s finding of probable cause.
Myers also argues that the prosecutor vouched for the truthfulness of the government’s main witness, William Clifford, during direct and redirect examination. Clifford had already pled guilty to related charges and agreed to assist the *189 government in exchange for immunity from further prosecution or increased sentencing. Myers contends that by questioning Clifford on his cooperation with the government, the prosecutor implied that the court was monitoring Clifford’s testimony for truthfulness.
It is a common procedure for prosecutors to question their witnesses on immunity agreements during direct examination. Because defense counsel attacked Clifford’s credibility on cross examination, it was also proper for the prosecutor to rehabilitate his credibility on redirect examination. The prosecutor acted appropriately and did not vouch for Clifford.
Because the search warrant was supported by probable cause and the prosecutor did not improperly vouch for Clifford’s credibility, we affirm Myers’s conviction.
No. 07-10145: AFFIRMED.
No. 07-10239: AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.