**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  19-30218 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 1:17-cr-00060-SPW-1 |
| JOSHUA ABRAM DISKIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted April 16, 2021[**]
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and PREGERSON,[***]
District Judge.

Joshua Diskin appeals the district court's denial of his motion to suppress

evidence found as a result of the stop and search with a warrant of a vehicle in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

which he was a passenger. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's denial of the motion to suppress de novo and underlying factual findings for clear error. *United States v. Evans*, 786 F.3d 779, 784 (9th Cir. 2015). Reasonable suspicion determinations are reviewed de novo and findings of historical fact for clear error. *Id.* at 788. We review a magistrate's issuance of a search warrant for clear error and will uphold it so long as the magistrate had a substantial basis for concluding probable cause existed based on the totality of the circumstances as set forth in the underlying affidavit. *United States v. Stanert*, 762 F.2d 775, 778–79 (9th Cir. 1985).

The initial investigatory stop of the vehicle was lawful. Considering the totality of the circumstances, law enforcement officers had specific, articulable facts that supported the suspicion that Diskin was engaging in drug trafficking. *See United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Although this was the first time that Detective Tuss received information from the confidential informant ("CI"), the CI's tip that Diskin would be transporting drugs was sufficiently reliable: the CI provided information about drug activity in Billings that Detective Tuss knew to be accurate, stated that a white man the CI knew as "Josh" would be the CI's passenger on a ride from Butte to Billings in a Gray 2002 Volkswagen Passat with a Montana license plate

2

number during the early morning hours of October 14, 2016, and shared photos of the car and license plate. The information the CI provided was against the CI's penal interest and detectives independently corroborated the CI's tip by observing the Passat on the I-90, the major throughfare between Butte and Billings, carrying one passenger. *See United States v. Angulo-Lopez*, 791 F.2d 1394, 1397 (9th Cir. 1986) (explaining that an informant's trustworthiness may be established in a number of ways, including through admissions against penal interest or independent police corroboration of information provided); *cf. Alabama v. White*, 496 U.S. 325, 327, 332 (1990) (upholding a stop based on corroboration of an anonymous tip that an individual in possession of cocaine would be leaving an apartment at a particular time to travel to a particular motel). Additionally, the stop was lawful because the car was circulating with an expired license plate. *See Whren v. United States*, 517 U.S. 806, 813 (1996) (an objectively reasonable basis for a stop renders the stop lawful). The stop was also not unconstitutionally prolonged because its aim was not to sanction a traffic violation but to investigate drug trafficking.

Even assuming that Diskin held a reasonable expectation of privacy in a vehicle borrowed and driven by the CI, *United States v. Pulliam*, 405 F.3d 782, 786–87 (9th Cir. 2005), the telephonic search warrant application established probable cause for a search based on the CI's tip, the officers' inability to identify

3

Diskin, inconsistencies as to how Diskin knew the CI, and the alert by the narcotics sniffing dog. *See United States v. Lingenfelter*, 997 F.2d 632, 639 (9th Cir. 1993).

Although there was evidence that the dog sniffing procedure utilized by Officer Vickery was suboptimal, the district court's conclusion that the dog sniff was reliable was not clearly erroneous in light of evidence that Officer Vickery had been a K9 Officer for 14 years, he and his canine had been partners for six years, and the team underwent annual certification and weekly training. *See Florida v. Harris*, 568 U.S. 237, 246 (2013) ("[E]vidence of a dog's satisfactory performance in a certification or training program can itself provide sufficient reason to trust his alert."). Diskin's challenge to the use of the term "alert" when the dog had not sat down to "indicate" the presence of drugs is foreclosed by our precedent. *See United States v. Thomas*, 726 F.3d 1086, 1098 (9th Cir. 2013) ("Evidence from a trained and reliable handler about alert behavior he recognized in his dog can be the basis for probable cause.").

Finally, even if Diskin had properly raised before the district court the argument that the search warrant application omitted information about the dog's reliability, the conclusion that any omissions from the search warrant affidavit were not intentional or reckless was not clearly erroneous. *See United States v. Dozier*, 844 F.2d 701, 705 (9th Cir. 1988). The statement by Officer Vickery that he had been "assigned to the K9 Unit since October 2004," together with the other

4

statements, gave the issuing judge a substantial basis for concluding that probable cause existed. *See Stanert*, 762 F.2d at 782 ("A defendant challenging an affidavit must also show that the affidavit . . . supplemented by the omissions would not be sufficient to support a finding of probable cause.").

**AFFIRMED.**